Andrew G. Deiss (Utah Bar # 7184)
Sydney J. Sell (Utah Bar # 17313)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, UT 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
ssell@deisslaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NANCY SPITZER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEPSTONE CONNECT, LLC, a Utah limited liability company, and SHERRYANN QUINDLEY, an individual,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>State Case No. 220700965 (Second Judicial District Court)<br><br>Case No. 1:22-cv-00168<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Stepstone Connect, LLC and SherryAnn Quindley, through counsel, hereby removes the above captioned case, Case No. 220700965, currently pending in the Second District Court in and for Salt Lake County, Utah, to the United States District

1

Court for the District of Utah. Removal is based on 28 U.S.C. §§ 1331 and 1441(a) (federal question jurisdiction) and is authorized pursuant to 28 U.S.C. §§ 1441 and 1446.

As grounds for removal, Defendants state as follows:

1. On or around November 5, 2022, Plaintiff Nancy Spitzer filed a complaint (the "**Complaint**") in the Second District Court in Salt Lake County, Utah (the "**State Court action**"). The State Court Action was assigned Case No. 220700965. [Spitzer's "Verified Complaint" attached at Exhibit A]. Spitzer did not demand a jury.

2. The Complaint names two defendants: SherryAnn Quindley and Stepstone Connect, LLC. [Verified Complaint at ¶¶ 2–3].

3. Plaintiff Nancy Spitzer is a resident of Tennessee. [*Id.* at ¶ 1].

4. SherryAnn Quindley is a resident of Massachusetts. [*Id.* at ¶ 3].

5. Stepstone Connect, LLC has its principal place of business in Utah. None of Stepstone Connect, LLC's members resides in Tennessee.

6. The Complaint and a summons was given to Deiss Law, PC's receptionist, Bethani Shepherd, on November 14, 2022. [Returns of Service attached at Exhibit C]. This delivery does not constitute service under rule 4 of the Utah Rules of Civil Procedure.

7. On December 14, 2022, counsel for Stepstone Connect, LLC and SherryAnn Quindley accepted service of the Verified Complaint. [Notice of Appearance and Acceptance of Service attached at Exhibit C].

8. As such, this Notice is filed within thirty days after the Verified Complaint was delivered (but not served) and within thirty days after service of the Verified Complaint was accepted.

9. In the Verified Complaint, Spitzer brings five causes of action against the Defendants. [*See* Verified Complaint].

10. All five causes of action arise out from the same common nucleus of operative fact: namely, the cessation of Spitzer's employment at Stepstone Connect, payment of final wages, and COBRA insurance coverage. [*See* Verified Complaint].

11. Spitzer's fourth cause of action is brought under "the federal Consolidated Omnibus Budget Reconciliation Act (COBRA),[1]" 29 U.S.C. Part 6, for

---

[1] Spitzer's fourth cause of action also mentions "Utah Code § 31A-22-722: Utah Mini-COBRA." However, Utah's mini-COBRA statute contains neither an express private cause of action nor a basis for an implied private right of action. *See Hayden v. Burt & Payne PC,* 2021 UT App 102 ("the mini-COBRA statute does not contain either an express private cause of action or a textual basis for concluding that one is clearly implied").

Defendants' alleged failure to extend insurance coverage after Spitzer was terminated. This cause of action arises under a law of the United States.

12. Removal of this case is proper pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C. § 1331, which states that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13. Spitzer's causes of action 1, 2, 3, and 5 all arise from the same facts and circumstances: Spitzer's separation from Stepstone Connect, LLC.

14. Pursuant to 28 U.S.C. § 1367, the District Court has supplement jurisdiction over Spitzer's non-federal law claims.

15. Pursuant to 28 U.S.C. § 1441(b), the entire case may be removed, and the district court may determine all issues.

16. Both Defendants consent to this removal, as evidenced by the signatures at the end of this Notice.

17. Pursuant to 28 U.S.C. § 1446(b), after filing this Notice of Removal, Defendants will give written notice thereof to Spitzer and will filed a copy of

the Notice with the Second Judicial District Court, in and for Davis County, State of Utah.

18. By filing this Notice, Defendants certify that all processes, pleadings, and orders filed in the State Court case have been attached here, as follows:

    a. Exhibit A: Verified Complaint and Exhibits

    b. Exhibit B: State Court Docket Sheet

    c. Exhibit C: All pleadings and filings from the State Court case in chronological order:

        i. Verified Complaint;

        ii. Exhibits to Verified Complaint;

        iii. Return of Service on SherryAnn Quindley upon Bethanie Shepherd, Receptionist at Deiss Law, PC;

        iv. Return of Service on Stepstone Connect, LLC upon Bethanie Shepherd, Receptionist at Deiss Law, PC; and

        v. Notice of Appearance and Acceptance of Service.

DATED: December 14, 2022


DEISS LAW, P.C.

/s/ *Sydney J. Sell*
Andrew G. Deiss
Sydney J. Sell
*Attorneys for Defendants*

## CONSENT OF DEFENDANTS TO REMOVE CASE TO FEDERAL COURT

__/s/ *SherryAnn Quindley*____     _12/14/2022_____
SherryAnn Quindley, an individual        Date

__/s/ *SherryAnn Quindley*____     __12/14/2022_____
Stepstone Connect, LLC               Date
By: SherryAnn Quindley, CEO